## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:        LYNDA S. WEEDEN
                     Debtor(s).                                    Case No.: 3:17-bk-02876-PMG
                                                                   Chapter 7

_____/

LYNDA S. WEEDEN

         PLAINTIFF(s)                                              Adv. No. 3:17-ap-
         v.

JEFFREY D. SOUD, P.A. d/b/a The Soud Law Firm;
JEFFREY D. SOUD, Individually,
         Defendants.

_____/

### ADVERSARY COMPLAINT

LYNDA S. WEEDEN ("WEEDEN" or the "Plaintiff") sues JEFFREY D. SOUD, P.A. d/b/a The

Soud Law Firm, and JEFFREY D. SOUD, Individually (Collectively:   "SOUD") for various violations

of the United States Bankruptcy Code and states:

### Introduction

1.      This is an action for damages filed by PLAINTIFF(s) pursuant to Section 525 of the Bankruptcy

Code.

2.      This action is also filed pursuant to Section 105 of the Bankruptcy Code seeking damages

incurred by Ms. Weeden as a result of the actions of the Defendants Soud.

### Jurisdiction and Venue

3.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of

the United Stated Code in that this proceeding arises in and is related to the above-captioned

Chapter 7 case under Title 11.

4.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

6.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

7.      Ms. Weeden. the Plaintiff in this case is the Debtor under Chapter 7 of Title 11 of the United States Code in case number 3:17-bk-02876-PMG (the "Main Case").

8.      The Defendant Jeffrey D. Soud, P.A. is the former employer of Ms. Weeden.   The Individual Jeffrey D. Soud made the utterances described in this Complaint in his individual capacity and in his capacity as a representative of Jeffrey D. Soud, P.A.   Jeffrey D. Soud, P.A. adopted and ratified the actions of Jeffery D. Soud Individually.   Both parties are responsible for the actions that are the subject of this adversary proceeding.

**Factual Allegations**

9.      This Chapter 7 case was filed as a voluntary petition on August 7, 2017.

10.     Prior to filing her Bankruptcy Petition and Schedules, Ms. Weeden was seeking employment in the legal field.   According to Ms. Weeden's resume (Attached Exhibit 1), Ms. Weeden has significant experience in the legal administrative field.

11.     During her search for legal-related positions, Ms. Weeden was informed of a position with the Soud Law Firm.

12.     As a result of the information concerning a position with the Soud Law Firm, Ms. Weeden sent her resume to the Soud law firm in care of an associate attorney.

13.   On June 21, 2017, Mr. Soud called Ms. Weeden to schedule an interview for the following morning at 10:30 a.m., on June 22, 2017.

14.   Ms. Weeden interviewed with Mr. Soud that following morning, June 22, 2017.   During the interview, Mr. Soud offered Ms. Weeden a salary that was a substantial reduction from the salary of her previous position.   Ms. Weeden said that she would discuss the lower salary offer with her husband and see if they could make the Soud reduced salary level work financially.

15.   That night, on June 22, 2017, Mr. Soud offered Ms. Weeden a position with the Soud Law Firm.

16.   Ms. Weeden accepted the offer on June 23, 2017.   Consequently, Ms. Weeden was scheduled to start with the Soud Law Firm on July 10, 2017.

17.   However, the salary offered by the Soud Law Firm was $22,000.00 less than Ms. Weeden's prior employment with Sheftal and Associates, P.A.   Therefore, Ms. Weeden sought out the services of a bankruptcy attorney because the decrease in salary did not provide enough funds to cover Ms. Weeden's credit expenses.

18.   Before filing for bankruptcy, Ms. Weeden contacted Michael Weathers of an enterprise known as: "Fresh Start" which sold new and used automobiles.   Ms. Weeden was informed by Michael Weathers of Fresh Start that she could not purchase an automobile through Fresh Start until she had been employed for a period of thirty days.   After the thirty days passed, Ms. Weeden was contacted by Fresh Start on August 11, 2017, and was told that the thirty day employment period had passed.   Michael Weathers on behalf of Fresh Start told Ms. Weeden that he would send her an application and list of documents that she needed to bring to the auto purchase event.

19.   After the commencement of her employment, Ms. Weeden approached Mr. Soud and informed him that she was not satisfied with the working conditions because she did not have enough time

to complete her management responsibility tasks.   Ms. Weeden wanted to work on a salary basis rather than on an hourly basis.

20.    Mr. Soud was not willing to do that (switch from hourly to salary).

21.    On the night of the August 24, 2017, Ms. Weeden received a text from Ms. Soud (Mr. Soud's wife) inviting Ms. Weeden to lunch the next day so that they could discuss Ms. Weeden's employment situation.

22.    During the lunch conversation, Ms. Soud asked Ms. Weeden to reconsider and continue her employment with the Soud Law Firm under the same conditions.   Ms. Weeden said she would have to think about it.

23.    Ms. Weeden continued to remain with her employment at the Soud Law Firm.

24.    Later, on August 29, 2017 on or about 9:30 a.m., Ms. Weeden received an email from Mr. Soud asking her to furnish him with all of her passwords and user names for any computer program with the Soud Law Firms.   On August 29, 2017at 11:00 a.m., Mr. Soud arrived at the Soud Law Firm and called Ms. Weeden into his office:   "Lynda, bring it in – now."

25.    Ms. Weeden went into Mr. Soud's office immediately.   Mr. Soud asked Ms. Weeden to close the door.

26.    Mr. Soud asked Ms. Weeden, "Did you file a bankruptcy?"

Ms. Weeden responded:   "yes."

Mr. Soud inquired, "Did you purchase a 'vehicle' and use my law firm for employment verification – then file bankruptcy?"

Ms. Weeden replied: "No, it was exactly the opposite. I filed bankruptcy, surrendered my vehicle to bring the payment down and purchased another car with a lesser payment."

Mr. Soud asked Ms. Weeden: "Where is the copy of the firm's American Express credit card?"

Ms. Weeden responded: "It's in the locked drawer where you instructed me to put it."

Mr. Soud inquired: "Have you made any purchases other than stamps and filing fees?"[1]

Ms. Weeden responded: "No, I only used it (the credit card) for postage and filing fees. I am not a thief."

Mr. Soud announced: "I would never have hired anyone in a fiduciary position if I knew that they were involved in a bankruptcy! You need to pack your things and leave."

27. Immediately, Mr. Soud followed Ms. Weeden to her desk, and she packed her personal possessions. Mr. Soud held his hands out for the key and building access card. Ms. Weeden handed those items to Mr. Soud. Mr. Soud escorted Ms. Weeden out the office back door.

28. 11 U.S.C.§525(b) states:

No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this Title (11 U.S.C. §101 *et seq*), a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt solely because such debtor or bankrupt . . .

(1) Has been a debtor under this Title (11 U.S.C. §101 *et seq*) or a debtor under the Bankruptcy Act.

(2) Has been insolvent before the commencement of a case under this Title (11 U.S.C.§101 *et seq*) or during the case but before denial of a discharge; or

(3) Has not paid a debt that is dischargeable in a case under this Title (11 U.S.C. §101 *et seq*) or that was discharged under the Bankruptcy Act.

\* \* \*

29. By virtue of the foregoing conversation listed in para 26, Ms. Weeden was discharged by the Soud Law Firm, P.A. and Mr. Soud, Individually, solely because she was a debtor under Title 11 U.S.C. §101 *et seq*.

---

1 The American Express card was only used by the office manager and Mr. Soud's wife for payment of firm expenses, filing fees, postage, stamps, etc.

30.   Ms. Weeden has suffered damages, incurred attorney's fees and Court costs as a result of the

Soud violations of 11 U.S.C. §525(b).  The damages are recoverable pursuant to 11 U.S.C. §105.

31.   Wherefore, Weeden requests an award of damages, attorney's fees and Court costs against

Jeffrey D. Soud, P.A., and Jeffrey D. Soud, Individually.

DATED this _____ 8 _____ day of September, 2017.

Law Offices of Mickler & Mickler

ALBERT H. MICKLER
Florida Bar No.   168960
Attorney for Lynda S. Weeden
5452 Arlington Expressway
Jacksonville, Florida 32211
Phone  (904) 725-0822
Fax      (904) 725-0855
Email: ahm-planman@juno.com

I declare that I have read the foregoing Adversary Complaint, and the factual statements therein
are true and correct.

LYNDA S. WEEDEN

8 Sept 2017
Date Signed

6

# LYNDA S. WEEDEN

1401 Riverplace Blvd, Apt 2802
Jacksonville, FL 32207
904-304-7820  lyndasweeden@gmail.com

## EMPLOYMENT HISTORY

**Sheftall & Associates, P.A.** — Jacksonville, FL
**Administrator/Sr. Paralegal** — 11/2014 to present
All aspects of firm administration including budget and forecasting, strategy for firm growth with managing partner, negotiations and relationships with vendors, oversight of complete website rebuild, staff management, recruiting, payroll and benefits administration, oversight of all payables, receivables and billing functions.  Additional responsibilities for paralegal work as required.

**Mearkle Trueblood Adam PL** — Jacksonville, FL
**Administrator/Sr. Paralegal** — 05/2013 to 11/2014
Assist in organization and formation of law firm, including staffing, merger of firms and partners, establish procedures, handle all billing and accounting functions, coordinate location and move to new office space and transition of all staff and services to new location.  Additional responsibilities for paralegal work as required

**Consumer Attorney Services** — Jacksonville, FL
**Team Lead – Judicial Paralegal** — 06/2012 to 05/2013
Paralegal in foreclosure defense firm handling files in five states; drafting pleadings for of counsel attorney review; assist in roll out of new practice manage software to 125+ employees including training of staff and data migration; mentor new paralegal staff.

**Paralegal OnCall, LLC** — Jacksonville, FL
**Owner/Founder** — 06/2009 to 01/2014
Contract paralegal support/office administration in family law, litigation, bankruptcy and foreclosure defense firms. Discovery preparation and tracking, drafting pleadings and correspondence and client interaction, office administration, billing, bookkeeping, staff support and benefits administration.

**Rahaim Watson Dearing & Moore, P.A.** — Jacksonville, FL
**Paralegal** — 08/2007 to 05/2009
Paralegal to Senior Partner in workers' compensation and social security/employment law firm.

**The Dore Law Firm** — Jacksonville, FL
**Paralegal** — 09/2005 through 2/2006
Assisted Senior Partner in personal injury defense firm.

**Pappas, Metcalf, Jenks & Miller** — Jacksonville, FL
**Legal Assistant** — 09/2004 through 09/2005
Legal Assistant to Managing Partner in Commercial Real Estate firm.

**Transcription Specialties of Jacksonville** — Jacksonville, FL
**Freelance Paralegal/Business Owner** — 11/2003 through 09/2004
Provided on-and off-site transcription, and paralegal services to attorneys, office and legal secretarial support.

## SKILLS AND SPECIAL ABILITIES

| | | |
|---|---|---|
| Law Office Management/Admin | Microsoft Office | Cosmolex, QuickBooks, Clio, Xero |
| Electronic Document Production | DropBox, Box | CaseMap, Time Map (former trainer) |

*# 1*